O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MATTHEW MITICH,

          Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

          Defendant.

Case No. 8:15-cv-01772-VEB

DECISION AND ORDER

## I. INTRODUCTION

In November of 2012, Plaintiff Matthew Mitich applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1] Plaintiff, represented by Bill LaTour, Esq.,

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10, 12). On January 26, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 17).

## II. BACKGROUND

Plaintiff applied for benefits on November 30, 2012, alleging disability beginning October 1, 2007, due to depression and ulcerative colitis. (T at 70-71).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On April 1, 2014, a hearing was held before ALJ Joseph P. Lisiecki, II. (T at 54). Plaintiff appeared with his attorney and testified. (T at 60-65, 68). The ALJ also received testimony from Alan Boroskin, a vocational expert (T at 66-67), and Dr. Arnold Ostro, a medical expert (T at 59-60).

On July 16, 2014, the ALJ issued a written decision denying the application for benefits. (T at 7-21). The ALJ's decision became the Commissioner's final

---

[2] Citations to ("T") refer to the administrative record at Docket No. 15.

decision on September 23, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

On October 30, 2015, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on February 29, 2016. (Docket No. 15). The parties filed a Joint Stipulation on May 5, 2016. (Docket No. 16).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be reversed and remanded for further proceedings.

### III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.  Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 30, 2012 (the application date). (T at 12). The ALJ found that Plaintiff's ulcerative colitis was a "severe" impairment under the Act. (Tr. 12).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 12).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), provided he was permitted to work in an environment where there is a restroom within 100 feet. (T at 12).

The ALJ found that Plaintiff had no past relevant work. (T at 17). Considering Plaintiff's age (22 on the application date), education (limited), work experience, and residual functional capacity, the ALJ determined that there were

7

DECISION AND ORDER – MITICH v BERRYHILL 8:15-cv-01772-VEB

1 jobs that exist in significant numbers in the national economy that Plaintiff can
2 perform. (T at 17).

3 As such, the ALJ found that Plaintiff was not entitled to benefits under the
4 Social Security Act from November 30, 2012 (the application date) through July 16,
5 2014 (the date of the ALJ's decision). (T at 18). As noted above, the ALJ's decision
6 became the Commissioner's final decision when the Appeals Council denied
7 Plaintiff's request for review. (T at 1-4).

8 **D.  Disputed Issues**

9 As set forth in the parties' Joint Stipulation (Docket No. 16), Plaintiff offers
10 two (2) main arguments in support of his claim that the Commissioner's decision
11 should be reversed. First, he contends that the ALJ did not properly weigh the
12 medical opinion evidence. Second, Plaintiff challenges the ALJ's credibility
13 determination. This Court will address both arguments in turn.

14

15 # IV. ANALYSIS

16 **A.  Medical Opinion Evidence**

17 In disability proceedings, a treating physician's opinion carries more weight
18 than an examining physician's opinion, and an examining physician's opinion is
19 given more weight than that of a non-examining physician. *Benecke v. Barnhart*,
20 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, Dr. Jocelyn Miller, Plaintiff's treating gastroenterologist, submitted a letter, dated December 17, 2013, wherein she explained that Plaintiff

was being treated for ulcerative colitis, complicated by "C. diff"[3] colitis. Dr. Miller described Plaintiff's disease as "difficult[] to control and severe," with up to 30 bowel movements a day. (T at 632). Per Dr. Miller, the disease is impacting Plaintiff's entire colon and his bowel movements are urgent, difficult to control, and associated with abdominal pain. (T at 632). She explained that "aggressive" medical treatments have been unsuccessful and opined that it would be "difficult" for Plaintiff to work "due to very frequent trips to the bathroom, fear of incontinence, episodes of incontinence, fatigue, and abdominal pain." (T at 632).

This Court finds that the ALJ did not give adequate consideration to Dr. Miller's assessment. First, the ALJ did not state precisely what weight he was giving to Dr. Miller's opinion. Critically, the ALJ did not reject Dr. Miller's statement that Plaintiff's bowel movements were extremely frequent (up to 30 minutes per day) and difficult to control. As such, one is left to assume that the ALJ accepted the treating physician's opinion in this regard, but believed he had addressed the issue by limiting Plaintiff to work environments where there is a restroom within 100 feet. (T at 12). This then raises the issue of whether an

---

[3] C diff colitis is an abbreviation for Clostridium difficile colitis, (also called C. difficile) a bacterium that causes swelling and irritation of the colon.

employer would tolerate an employee who needed up to 30 unscheduled restroom breaks during a workday, with those breaks being of indefinite duration depending on the nature and severity of the bowel movement. In other words, having a restroom nearby would arguably lessen episodes of incontinence and, hopefully, reduce Plaintiff's anxiety in that regard; however, that is not to say than an employer would nevertheless tolerate such frequent interruptions to the workday. The ALJ did not address this issue and did not ask the vocational expert about it either. (T at 66-67).

Dr. Ostrow explained that Plaintiff could be having 30 bowel movements a day, given his diagnosis, which lends further support for Dr. Miller's opinion. (T at 60). Although Dr. Ostrow opined that the only limitation in terms of Plaintiff's RFC would be that he needed a bathroom within 100 feet, he was not asked (and arguably was not qualified to say) whether an employer would tolerate an employee who needed to use the restroom that frequently. (T at 60).

Dr. Ostrow also explained that Plaintiff's condition could be corrected via surgery, which was recommended by Plaintiff's physicians as the "appropriate course" of treatment. (T at 60, 756). This raises the question of whether the ALJ found Plaintiff to be not disabled because of his failure to follow a treatment recommendation. In other words, the ALJ might have concluded that Plaintiff was disabled, but that his condition could be materially improved with surgery and that

Plaintiff's refusal to have that surgery, without good reason, was a basis for denying benefits. There is authority for such a conclusion. *See, e.g., Waldon v. Colvin*, No. 15cv0631, 2016 U.S. Dist. LEXIS 115799, at *20 (Cal. S.D. Aug. 29, 2016)(noting that "failure to follow a prescribed treatment that would ameliorate an impairment, without good reason, is a valid basis for denying benefits.").

However, the ALJ's decision is unclear on this issue – at one point, the ALJ explains that the failure to follow prescribed treatment was "not the primary basis for the decision…." (T at 16). Moreover, further consideration is required as to whether surgery was actually prescribed or merely recommended, as courts have found that this makes a material difference when considering denial of benefits. *See Aquirre v. Astrue*, No. EDCV08-1176-PLA, 2009 U.S. Dist. LEXIS 129988, at *13 (C.D. Cal. Oct. 14, 2009)("[T]he ALJ's determination was erroneous because it is improper to deny benefits on the basis of declined surgery, when surgery is only a *suggested* rather than a *prescribed* course of treatment.")(emphasis original); *see also Garcia v. Astrue*, No CV 11-8630-PLA, 2012 U.S. Dist. LEXIS 110700, at 30-31 (C.D. Cal. Aug. 7, 2012)(collecting cases). In the present case, the ALJ does not appear to have explored this important distinction.

In light of the foregoing, given the treating physician's assessment regarding the frequency of bowel movements (which was not contradicted by the medical expert), the lack of adequate consideration by the ALJ as to an employer's tolerance

12

DECISION AND ORDER – MITICH v BERRYHILL 8:15-cv-01772-VEB

of an employee with that level of frequency, and the lack of adequate analysis concerning the surgical option, this Court finds that a remand for further proceedings is the appropriate remedy.

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He has not worked since October 1, 2007. He has bowel movements 30-35 times per day, and sometimes more than that. (T at 61). The frequency and urgency of his bowel movements cause him to stay home most days. (T at 61). He believes his bowel movement frequency and urgency would prevent him from working. (T at 62). He spends most of the day in the bathroom. (T at 63). He has discussed surgery with his physicians, but they characterized it as a "last resort." (T at 63). He has difficulty sitting. (T at 64).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 13).

This Court finds that reconsideration of Plaintiff's credibility, after reconsideration of the record as outlined above, is necessary. It is true that a claimant's failure to provide a good reason for not following a treatment recommendation, "or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's … testimony." *Fair v. Bowen*, 885 F.2d at 597, 603 (9th Cir. 1989).

However, as discussed above, the ALJ did not give adequate consideration to whether an employer would tolerate a Plaintiff with bowel movements as frequent as assessed by the treating physician. The ALJ also was not sufficiently clear about

14

DECISION AND ORDER – MITICH v BERRYHILL 8:15-cv-01772-VEB

whether the decision to deny benefits was based on Plaintiff's failure to follow the treatment recommendation. In addition, while the treatment notes indicated that surgery was recommended, the ALJ should have re-contacted the treating physician to determine the basis for that recommendation, whether surgery was actually prescribed or merely recommended, what risks the surgery might entail, what limitations Plaintiff would be expected to have after surgery, and obtain their assessment regarding the reasonableness of Plaintiff's decision to decline surgery. Further, the ALJ should have given more careful consideration to Plaintiff's stated reasons for refusing surgery. Surgery of the type recommended here is "life altering," poses serious risks of complications both during surgery and thereafter, and, even if successful, involves significant "physical and mental side effects." *See Maxwell v. Astrue*, 2012 U.S. Dist. LEXIS 1302090, at *19-27 (E.D. Cal. Sep. 11, 2012). The ALJ erred by failing to credit Plaintiff's concerns regarding the surgery, by failing to gather more information about its benefits and risks, and by failing to weigh those facts when determining whether to deny benefits on that basis. *See id.* at *26 (remanding where ALJ did not adequately consider whether surgery was recommended, as opposed to prescribed; did not demonstrate a sufficient understanding of the specifics of the surgery; and "considered Plaintiff's proffered reasons for declining surgery too narrowly").

1  **C.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, for the above-stated reasons, this Court finds that remand for further proceedings is warranted.

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision; and REMANDING the case for further proceedings as outlined herein; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for attorneys' fees and costs.

DATED this 24th day of August, 2017,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE